Andrew W. Stavros (8615)
**STAVROS LAW P.C.**
ParkView Plaza II
2150 South 1300 East
Suite 500
Salt Lake City, Utah 84106
Tel: (801) 207-8244
Fax: (801) 907-7216
Email: andy@stavroslaw.com

*Attorney for Plaintiff Joshua Rindlisbacher*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA R. RINDLISBACHER, an individual, | : | **COMPLAINT** |
| | : | |
| Plaintiff, | : | |
| | : | **(Jury Demand)** |
| vs. | : | |
| | : | |
| TRANSPORT DIESEL SERVICE, INC., a Utah corporation, | : | |
| | : | Case No.: 1:11-cv-00103-DN |
| | : | |
| Defendant. | : | Magistrate Judge David Nuffer |
| | : | |

Plaintiff Joshua Rindlisbacher (hereinafter "Plaintiff" or "Rindlisbacher"), by and through his attorney, brings the following Complaint against Defendant Transport Diesel Service, Inc. (hereinafter "Defendant" or "TDSI") and for causes of action alleges the following:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Americans with Disabilities Act of 1990, 42

U.S.C. §§12101 et seq., the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. and Utah common law for disability discrimination and failure to accommodate under the ADA, interference with and discrimination/retaliation with the exercise of FMLA leave rights, and wrongful termination in violation of a substantial public policy: workers' compensation.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Joshua Rindlisbacher is a resident of the State of Idaho. At all times relevant to this Complaint, Rindlisbacher was an employee of Defendant Transport Diesel Service, Inc.

3.      Defendant Transport Diesel Service, Inc. is a Utah corporation, with its principal place of business located at 1050 West 200 North, Logan, Utah 84321.

4.      At all times relevant to this action, Defendant Transport Diesel Service, Inc., among other things, owned and operated a parts and service center located at 2250 West Main Street, Tremonton, Utah 84337-9333.

5.      At all times relevant to this action, Defendant Transport Diesel Service, Inc. was an employer or joint employer within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(4).

6.      At all times relevant to this action, Defendant Transport Diesel Service, Inc. employed more than fifty (50) employees within a 75 mile radius of Rindlisbacher's work location and it otherwise met the jurisdictional prerequisites of the FMLA.

7.      Rindlisbacher filed a timely charge of discrimination with the Utah Labor Commission, Antidiscrimination and Labor Division ("UALD") and the Equal Employment

2

Opportunity Commission ("EEOC") on August 30, 2010 charging discrimination based on

disability, and obtained a right to sue letter from the EEOC dated March 28, 2011 which was

received on or about March 31, 2011.

8.      Jurisdiction of this Court over the federal claims asserted herein is invoked

pursuant to 28 U.S.C. §1343(4) in that the action arises under the FMLA and the ADA, 42

U.S.C. § 12117.

9.      The Court has supplemental jurisdiction over the state law claim asserted herein

pursuant to 28 U.S.C. § 1367(a).

10.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) insofar as the

claims arose in Cache County, State of Utah, TDSI employed Rindlisbacher in the Cache

County, State of Utah and records relating to the employment referenced herein were kept in the

Cache County, State of Utah.

## FACTUAL BACKGROUND

11.     Rindlisbacher is a 26 year old male residing in Oneida County, Idaho.

12.     Rindlisbacher began his employment with TDSI on or about June 5, 2006.

13.     Rindlisbacher was employed as a Heavy Duty Diesel Mechanic ("Mechanic")

throughout his employment with TDSI.

14.     As a Mechanic, Rindlisbacher was responsible for performing repair work on

vehicles at TDSI's facility in Tremonton, Utah, as well as providing road side service to vehicles

within a certain distance from the facility.

15.     Rindlisbacher worked with a team of other mechanics who performed similar

duties at the same facility, and who, on occasion, worked together on various repair projects and service calls.

16.     On or about October 19, 2006, Rindlisbacher injured his back while moving heavy equipment onto a truck during while at work.

17.     Following his return to work, Rindlisbacher reinjured his back on or about August 29, 2007, and then again on or about July 29, 2008.

18.     On or about October 19, 2009, Rindlisbacher underwent surgery for his injury.

19.     For one week after his surgery, Rindlisbacher was offered light duty by TDSI.

20.      Thereafter, Rindlisbacher performed the essential functions of his job, despite his back injury.

21.     Although he was cleared to perform all of the duties of his job, Rindlisbacher was terminated on March 23, 2010.

22.     Rindlisbacher's termination was because of his receipt of workers compensation benefits for his work injuries, and/or because of his requests for FMLA qualifying leave and/or because of his disability.

23.     At the time of Rindlisbacher's termination, he was not offered another position with TDSI, was not provided any leave for his serious health condition, and was not offered any accommodation to assist him with performing the essential functions of a Mechanic for TDSI.

24.     At the time of his termination, Rindlisbacher was one of the most proficient mechanics at TDSI's Tremonton, facility.

**FIRST CAUSE OF ACTION**
**(Wrongful Termination in Violation of a Clear and Substantial Public Policy)**

4

25.     Rindlisbacher realleges and incorporates by reference each of the allegations in the preceding paragraphs of this Complaint.

26.      At all times relevant to this Complaint, Rindlisbacher was an employee of TDSI.

27.     Rindlisbacher's termination violated a clear and substantial public policy of the State of Utah, including, the Utah Workers' Compensation Act, Utah Code Ann. § 34A-2-101et seq.

28.     Rindlisbacher's actions in attempting to exercise his right to receive workers compensation benefits pursuant to the Workers Compensation Act involved a substantial and important public policy of the State of Utah.

29.     Rindlisbacher's conduct in furtherance of such public policies resulted in his termination as a Mechanic for TDSI.

30.     TDSI's actions in terminating Rindlisbacher for exercising his right to workers compensation were against such public policy of the state of Utah.

31.     As a direct and proximate result, Rindlisbacher has suffered injury and been damaged in an amount to be proved at trial, together with punitive damages for TDSI's intention, willful and/or reckless disregard of Rindlisbacher's rights.

## SECOND CAUSE OF ACTION
### (Violation of FMLA - Interference/Discrimination with FMLA Rights)

32.     Rindlisbacher realleges and incorporates by reference each of the allegations in the preceding paragraphs of this Complaint.

33.     The FMLA, 29 U.S.C. § 2612, provides that an eligible employee is entitled to

5

take up to twelve (12) weeks of leave during a 12 month period because of the employee's serious health condition.

34.     Generally, an employee is eligible for leave under the FMLA, 29 U.S.C. § 2611(2), after being employed during at least twelve months and having not less than 1250 hours during such qualifying period.

35.     The FMLA, 29 U.S.C. § 2614(a), provides that an employee who takes leave must be restored to his former position or an equivalent position when he returns from leave.

36.     The FMLA, 29 U.S.C. § 2615(a)(1), prohibits an employer from interfering with an employee's FMLA leave.

37.     Likewise, the FMLA, 29 U.S.C. § 2615(a)(2), prohibits an employer from discriminating and/or retaliating against an employee for taking FMLA leave or engaging in another protected activity.

38.     Rindlisbacher informed TDSI of his need for time off from work for surgery as a result of his serious health condition which required surgery and which rendered him unable to perform the functions of his job during the period of his surgery and recovery thereafter.

39.     Rindlisbacher's leave was FMLA qualifying.

40.     After taking leave for his medical condition, Rindlisbacher returned to work and was subsequently terminated and not offered a comparable position.

41.     Rindlisbacher was entitled to FMLA leave and TDSI interfered with, restrained and/or denied Rindlisbacher's FMLA rights to medical leave and/or to reinstatement following the leave when it terminated Rindlisbacher's employment upon his return to work following his

6

surgery.

42.     By interfering with, discriminating against and/or retaliating against

Rindlisbacher's  right to leave, and taking of leave, TDSI interfered with Rindlisbacher's FMLA

rights and/or discriminated and retaliated against him with respect to his FMLA leave.

43.     TDSI's conduct violated the FMLA and, pursuant to 29 U.S.C. § 2617, TDSI is

liable to Rindlisbacher for all wages and wage increases to which he would have been entitled

but for TDSI's conduct, salary, profit sharing, employee benefits and other compensation which

he lost due to TDSI's violation of the FMLA, prejudgment interest on those losses, reasonable

attorney's fees, reasonable expert witness fees and any other costs of this action, and for such

other and further equitable relief as the Court deems appropriate (including reinstatement,

employment and/or promotion).

### THIRD CAUSE OF ACTION
**(Violation of the ADA- Accommodation and Disability Discrimination)**

44.     Rindlisbacher incorporates the allegations in the preceding paragraphs of the

Complaint as if fully set forth herein.

45.     At all times relevant hereto, Rindlisbacher was an employee of TDSI within the

meaning of the ADA, 42 U.S.C. § 12111(4).

46.     At all times relevant hereto, TDSI was a covered entity within the meaning of the

ADA, 42 U.S.C. § 12111(5), 12112(b).

47.     At all times relevant hereto, Rindlisbacher was disabled within the meaning of the

ADA in that he had a disability, a record of a disability or was regarded as having a disability

that substantially limited major life activities within the meaning of the ADA, 42 U.S.C. §

12102(1).

48.     At all times relevant hereto, Rindlisbacher was qualified to perform the essential functions of his jobs and did in fact perform the essential functions of his job at TDSI, with or without reasonable accommodation.

49.     The ADA imposes upon employers an obligation to accommodate known disabilities of its employees.

50.     The ADA also requires employers to, in good faith, engage in an interactive process with a disabled employee to determine an appropriate reasonable accommodation for him.

51.     The ADA also prohibits discrimination against individuals because of their disability.

52.     TDSI knew of Rindlisbacher's disability, his record of disability, or regarded him as disabled.

53.     TDSI failed to accommodate Rindlisbacher's disability, failed to engage in an interactive process with Rindlisbacher regarding his disability and discriminated against him because of his disability.

54.     TDSI's failure to accommodate, engage in the interactive process and its termination of Rindlisbacher because of his disability violated the ADA.

55.     As a result, Rindlisbacher is entitled to recover damages for lost wages and other benefits and compensatory damages in an amount to be proven at trial, plus attorney's fees and costs incurred in bringing this action.

56.     The conduct of TDSI toward Rindlisbacher was willful and malicious and manifested a knowing and reckless indifference toward, and disregard of, Rindlisbacher's interests and rights,, entitling Rindlisbacher to an award of punitive damages in an amount to be proven at trial.

## **JURY DEMAND**

Rindlisbacher requests trial by jury on issues so triable to jury pursuant to Fed. R. Civ. P. 38.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rindlisbacher prays for judgment against Defendant Transport Diesel Services, Inc. as follows:

1.     For judgment in Plaintiff's favor and against TDSI for wrongful termination and violation of the ADA and FMLA;

2.     For an order awarding Plaintiff all wages, compensation and other economic benefits lost as a result of Defendants' actions and omissions, including front and back pay;

3.     For an order awarding Plaintiff liquidated damages;

4.     For an order awarding Plaintiff pre and post-judgment interest as applicable;

5.     For an order awarding Plaintiff attorney's fees and costs of suit, including expert witness fees;

6.     For an order awarding Plaintiff punitive damages, but in no case less than three times the losses suffered by Plaintiff; and

7.     For an order awarding such further and additional legal or equitable relief as the

Court deems appropriate.

DATED this 21st day of June, 2011.

STAVROS LAW P.C.

/s/       Andrew W. Stavros
Andrew W. Stavros
*Attorneys for Plaintiff*